1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    HOWARD J. MEYER, JR., et al.,                 CASE NO. C17-1218 RSM

9                    Plaintiffs,                   ORDER REGARDING MOTIONS IN
                                                   LIMINE
10           v.

11   BAYERISCHE MOTOREN WERKE AG
     (aka) BMW MOTORRAD, et al.,
12
                     Defendants.
13

14   **A.  Introduction**

15          This matter is before the Court on the parties' motions in limine.  Dkts. #72 and #75.  The

16   Court and the parties are well acquainted with the facts of this case and the Court refers to the

17   underlying facts only to the extent necessary to resolve the pending motions.  Having reviewed

18   the motions, the responses thereto, and the remainder of the record, the Court hereby finds and

19   ORDERS as set forth in this Order.

20   **B.  Defendant DMC Sidecars LLC's Motions in Limine**

21          Having reviewed Defendant DMC Sidecars LLC's Motions in Limine (Dkt. #72), the

22   relevant briefing, and the remainder of the record, the Court rules as follows.

23

24

ORDER – 1

1

**1.  Defendant's Motion in Limine No. 1: GRANTED.**

2

3        Defendants first motion in limine seeks to restrict Plaintiffs "from introducing any direct

4   or indirect evidence that Plaintiff Darlis L. Elliott (["]Elliott["]) sustained any personal injury or

5   damages as a result" of the accident.  Dkt. #72 at 2–3.  The central issue is whether Elliott can

6   pursue a claim for negligent infliction of emotional distress by presenting "objective evidence of

7   emotional distress" as is required by Washington law.  *See Bylsma v. Burger King Corp.*, 176

8   Wash. 2d 555, 560, 293 P.3d 1168, 1170 (2013) (to be actionable in the absence of a physical

9   injury to the claimant, emotional distress must be "manifest by objective symptomatology").

10  Plaintiffs ultimately concede that they lack objective evidence of emotional distress.  Dkt. #79 at

    8.  Accordingly, Defendant's first motion in limine is GRANTED.

11

**2.  Defendant's Motion in Limine No. 2: DENIED.**

12       DMC's second motion in limine requests that the Court "prohibit Plaintiffs from

13  introducing any direct or indirect evidence of medical expenses or damages relating to a future

14  left shoulder surgery."[1]  Dkt. #72 at 3.  Defendant argues that Plaintiffs have not appropriately

15  disclosed evidence supporting a claim for expenses related to a second shoulder surgery and that

16  Plaintiffs should be precluding from offering such evidence at trial.  *Id.* at 3–5 (citing FED. R.

17  CIV. P. 26(a)(1)(A)(iii)).  Plaintiffs respond that they learned of the potential need for another

18  shoulder surgery late in this case, provided Defendant notice at that time, intend to rely on the

19  costs of Meyer's previous shoulder surgery to prove the amount of any future shoulder surgery,

20  and that all relevant evidence has been disclosed.  Dkt. #79 at 8–9.  Plaintiffs' position is in

21  accord with Washington law, which does not require "mathematical exactness" to recover future

22

23  _____

    [1] Defendant originally sought to exclude evidence of both a future shoulder surgery <u>and</u> a future
    knee surgery.  Dkt. #72 at 3.  But Plaintiffs indicate that Meyer has no "plans of undergoing knee
24  surgery."  Dkt. #79 at 8.  Taking Plaintiffs at their word that they will not present evidence related
    to a future knee surgery, the Court's Order does not address such evidence further.

medical expenses, and which recognizes that costs of prior medical care are relevant to prove future medical expenses. *See Patterson v. Horton*, 84 Wash. App. 531, 543–44, 929 P.2d 1125, 1131 (1997) (citing *Erdman v. Lower Yakima Valley, Washington Lodge No. 2112*, 41 Wash. App. 197, 208, 704 P.2d 150, *review denied*, 104 Wash.2d 1030 (1985)). Defendant is free, of course, to challenge the accuracy and sufficiency of Plaintiffs' evidence at trial. Accordingly, Defendant's second motion in limine is DENIED.

### 3. DMC's Motion in Limine No. 3: DENIED.

Defendant's third motion in limine requests that the Court "prohibit Plaintiffs from introducing any direct or indirect evidence of damages for past and future pain and suffering, disability and inconvenience in excess of the $250,000.00 [] set forth in Plaintiffs' Initial Disclosures." Dkt. #72 at 5. Principally, Defendant argues that it was prevented from accurately evaluating its potential liability because Plaintiffs initially disclosed a claim for general damages of $250,000 but, on the eve of trial, amended the disclosures to indicate that general damages may be as high as $1,000,000. *Id.*

Plaintiffs, for their part, establish that they originally disclosed an estimate of $500,000 for general damages ($250,000 for past pain and suffering and $250,000 for future pain and suffering) and that the upward adjustment is related to Meyer's continuing medical issues and associated pain and suffering, all of which he attributes to the accident. Dkt. #79 at 9–10; Dkt. #79-1 at 169–72.

The Court does not find Defendant's argument compelling, especially in the absence of allegations of bad faith. While Defendant may face the prospect of greater liability, it should have anticipated that its potential liability was increasing as this case was delayed several times so that Meyer could seek additional medical treatment he attributed to the accident. As medical expenses grew, Defendant could, and should, have anticipated that the amount of potential

ORDER – 3

1    general damages was also growing.   Accordingly, Defendant's third motion in limine is

2    DENIED.

3        **4.  DMC's Motion in Limine No. 4: GRANTED.**

4            Defendant's fourth motion in limine seeks to limit expert witness testimony to the

5    opinions disclosed by the experts in their written reports.  Dkt. #72 at 5.  Plaintiffs make the same

6    request in their motions in limine.  Dkt. #75 at 17.  And no party indicates an intent to elicit

7    testimony outside the scope of the expert witnesses' reports.

8            Accordingly, and to the extent an order in limine is necessary, Defendant's fourth motion

9    in limine is GRANTED.   Nevertheless, the Court expects the parties to object to lines of

10   questioning they believe exceed the scope of the experts' disclosed opinions, and the Court will

11   rule on any objections at that time.

12       **5.  DMC's Motion in Limine No. 5: GRANTED.**

13           Defendant's fifth motion in limine seeks "to exclude cumulative testimony from

14   Plaintiffs' proffered expert witnesses Gerard Schaefer and Roland Hoover."  Dkt. #72 at 6.

15   Defendant argues that the expert reports and deposition testimony of Plaintiffs' two experts was

16   often redundant and cumulative and points to the Court's local rule limiting parties to "one expert

17   witness on any subject," absent a contrary order of the Court.  *Id.* (citing LOCAL CIVIL RULES

18   W.D. WASH. LCR 43(j)).  Notably, Defendant does not seek to exclude either witness in whole

19   and instead requests an Order that "once either Gerard Schaefer or Roland Hoover has testified

20   on any subject, that subject may not be covered again by the subsequent expert." *Id.*

21           Plaintiffs argue that the anticipated testimony of the two experts will not be "entirely

22   duplicative" and that Hoover "has extensive manufacturing experience regarding after-market

23   parts for motorcycles" while Schaefer is "an engineer and motorcycle rider with extensive

24   experience."  Dkt. #79 at 12–13.  "Plaintiffs' counsel [also] agrees not to solicit overlapping

ORDER – 4

testimony from these two experts." *Id.* at 13.  Noting Local Rule 43(j), Plaintiffs request that the Court exercise its discretion to allow their two experts to testify.

The Court does not understand Plaintiffs' off the cuff request for relief from Local Rule 43(j) as an actual motion.  Plaintiffs' response does not evidence an intent or desire to have two experts testify as to the same subject (other than the accident, broadly) and the Court has no reason to believe that Plaintiffs' counsel, now cognizant of the issue, will elicit cumulative or duplicative testimony from the two experts.  And even if Plaintiffs are seeking to have two experts address a single subject, the Court would not grant the request as Plaintiffs have failed to clearly seek relief from Local Rule 43(j) and have not created an adequate record that would justify such relief.  Accordingly, Defendant's fifth motion in limine is GRANTED.  Defendant may object to expert testimony it believes is overly cumulative or duplicative and, while the Court will exercise discretion, the Court may excuse the expert if the objection is well-taken.

**6.  DMC's Motion in Limine No. 6: DEFERRED.**

Defendant's sixth motion in limine seeks "to exclude any expert testimony of Kurt Mentzer, M.D."  Dkt. #72 at 6.  Defendant complains that, while Dr. Mentzer treated Meyer on several occasions and was identified as a treatment provider, Plaintiffs never identified him as an expert witness and did not provide an expert witness report detailing his opinions and the basis for those opinions.  *Id.* at 6–8.  Despite not identifying Dr. Mentzer as a retained medical expert witness, Defendant believes that Plaintiffs will elicit Dr. Mentzer's opinion, formed after reviewing Meyer's medical records from a separate provider, that Meyer's continued upper extremity issues were caused by the accident.  *Id.*  Defendant maintains that Dr. Mentzer should be barred from offering an opinion on the medical causation of Meyer's upper extremity issues because he was not identified as a retained medical expert, did not produce a written report, and would retread the opinions of Dr. Sohrab Gollogly, Plaintiffs' designated medical expert.  *Id.*

1    Defendant's motion turns on whether Dr. Mentzer should be treated as a retained or non-

2    retained expert witness.  *See id.* at 8–9 (indicating that Federal Rule of Civil Procedure

3    26(a)(2)(B) requires expert disclosures and a detailed written report "if the witness is one retained

4    or specially employed to provide expert testimony in the case").  Per the Federal Rules of Civil

5    Procedure Advisory Committee Notes, non-retained expert witnesses generally include

6    "physicians or other health care professionals."  FED. R. CIV. P. 26(a)(2)(C) advisory committee

7    note (2010).  However, physicians and other health care professionals are to be treated as non-

8    retained experts only to the extent their opinions were formed during the course of treatment."

9    Dkt. #72 at 9 (quoting *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir.

10   2011)).

11   Here, the primary point of contention centers on Dr. Mentzer's review of medical records

12   from another treatment provider.  Dr. Mentzer initially treated Meyer in 2015–2016 for thumb

13   and shoulder injuries, allegedly related to the accident and did not note cervical spine issues at

14   that time.  *Id.* at 10.  Dr. Mentzer then treated Meyer again in 2021 after Meyer underwent an

15   unsuccessful cervical spine surgery and was referred, by his spinal surgeon, to undergo further

16   testing that Dr. Mentzer could provide.  Dkt. #79 at 15.  In aid of his care, Dr. Mentzer requested

17   and reviewed Meyer's spinal surgery records, conducted examinations and testing, and ultimately

18   concluded that Meyer's continued upper extremity issues were caused by damage to the cervical

19   spine sustained during the motorcycle accident.  *Id.*

20   While the parties' explanations and arguments were helpful for the Court to hear, a ruling

21   on the issue is not appropriate currently.  The parties, and the Court, substantially agree on the

22   applicable legal standard:

23   [B]ased on *Goodman*, to the extent that Dr. Mentzer offers testimony limited to
     his percipient knowledge, i.e., knowledge and opinions formed at the time of
24   earlier medical examinations and treatment, Dr. Mentzer would be treated as a

1   non-retained expert witness.  However, where Dr. Mentzer's testimony relies on
2   information beyond his percipient knowledge, Dr. Mentzer would be treated as a
    retained expert witness.
3

4   Dkt. #72 at 10.  But the current record does not provide an adequate indication of whether Dr.

5   Mentzer's records review was an ordinary step in his course of care or a deviation from his normal

6   practice that was not necessary to inform his own care for Meyer.  Accordingly, a ruling on

7   Defendants sixth motion in limine is DEFERRED.  Defendant may attempt to further develop a

8   factual record demonstrating that Dr. Mentzer's review of spinal surgery records was outside the

9   normal scope of his patient care, was unrelated to his examination of Meyer, and did not, along

10  with his percipient knowledge, inform his medical opinion.  Alternatively, the Court will consider

11  objections to Dr. Mentzer's testimony within the context and flow of his testimony.

12  ### C. Plaintiffs' Motion in Limine

13          Having reviewed Plaintiffs' Motion in Limine (Dkt. #75), the relevant briefing, and the

14  remainder of the record, the Court rules as follows.

15  ### 1. Plaintiffs' Motion in Limine No. 1: DENIED.

16          Plaintiffs' first motion in limine requests that the Court exclude the testimony of Gregory

17  Stephens, an accident reconstruction expert retained by BMW before the Court dismissed

18  Plaintiffs' claims against BMW.  Dkt. #75 at 9–14.  Plaintiffs argue primarily that Mr. Stephens'

19  conclusions are overly speculative and will not aid the trier of fact.  *Id.*  Defendant responds that

20  the Court's local rules require a *Daubert*[2] challenge to be filed "no later than the deadline to file

21  dispositive motions," making Plaintiffs' motion in limine untimely, and that, regardless,

22  Plaintiffs' arguments go to the weight of the evidence, not the admissibility.  Dkt. #77 at 1–8

23  (citing LOCAL RULES W.D. WASH. LCR 16(b)(4)).

24  ---
    [2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

ORDER – 7

The Court agrees that Plaintiffs' motion in limine is untimely. Many of Plaintiffs' challenges to Mr. Stephens' testimony take issue with the techniques utilized in forming his conclusions. Plaintiffs do not argue that Mr. Stephens cannot qualify to testify as an expert witness.[3] Instead, Plaintiffs appear to take issue with the whole practice of accident reconstruction and argue that Mr. Stephens' conclusions are not supported by their preferred facts. The Court does not imply that Plaintiffs have seen weakness in Mr. Stephens' methodology and conclusions where there are none.[4] But the value of Mr. Stephens' opinions are more appropriately explored through cross-examination. Accordingly, Plaintiffs' first motion in limine is DENIED.

### 2. Plaintiffs' Motion in Limine No. 2: GRANTED IN PART

Plaintiffs' second motion in limine seeks, in accordance with Washington law, for the Court to exclude "evidence of collateral source payments . . . as a matter of public policy." Dkt. #75 at 14. Defendant concedes that Plaintiffs are correct under Washington law and does not seriously oppose the motion in limine. Dkt. #77 at 8–9. Defendant does, however, note that the injured party may "open[] the door to evidence of collateral benefits by testifying that the injured

---

[3] Defendant points out that Mr. Stephens is a "research engineer and accident reconstructionist at Collision Research, with over 30 years of experience in the area of automotive crash safety." Dkt. #77 at 3.

Similarly, Plaintiffs do not establish that Mr. Stephens' reliance on evidence gathered, under his direction, by assistants or coworkers is inconsistent with the practices of other experts within his field. *See also* Dkt. #77 at 7 ("Rule 703 allows otherwise inadmissible evidence, to be admissible if the expert opinion is based on 'facts or data' that 'experts in the particular field would reasonably rely on . . . in forming an opinion on the subject.'") (quoting FED. R. EVID. 703) (omission, the Court's). Rather, Plaintiffs' complaints merely highlight possible limitations on Mr. Stephens' analysis, consideration, and opinions.

[4] As Defendant recognizes, "[t]he test for reliability 'is not the correctness of the expert's conclusions but the soundness of his methodology.'" Dkt. #77 at 4 (quoting *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)).

ORDER – 8

party has sustained a financial burden or 'pleading poverty' due to injuries sustained." *Id.* at 9 (citing *Johnson v. Weyerhaeuser Co.*, 134 Wash.2d 795, 804, 953 P.2d 800, 805 (1998)). Accordingly, Plaintiffs' second motion in limine is GRANTED IN PART.  Unless and until Plaintiff "opens the door" to evidence of collateral payments, such evidence is excluded.

### 3.  Plaintiffs' Motion in Limine No. 3: DEFERRED

Plaintiffs' third motion in limine seeks to prohibit Defendant from introducing evidence of, or arguing that Meyer bore, comparative fault for the accident—whether negligent conduct or assumption of risk.  Dkt. #75 at 15.  Defendant characterizes the request as essentially "a Motion for Partial Summary Judgment based on 'no evidence that Meyer was negligent in the operation of his motorcycle/sidecar." Dkt. #77 at 9.  Defendant further states that it will present evidence "at trial that Plaintiff Meyer was negligent in the operation of the BMW motorcycle and sidecar by losing control of the BMW motorcycle and sidecar in driving off the road, causing Plaintiff Meyer's injuries and damages." *Id.* at 10.

The Court agrees that now is not the correct time to address Plaintiffs' requested relief. Plaintiffs could have earlier sought summary judgment on the issue.  Alternatively, this issue should be addressed in the context of the Court's final jury instructions.  Defendant has not yet been held to its proof and a decision on whether to allow argument and instruct the jury on comparative fault is more appropriately considered after the evidentiary record has been established.  Accordingly, a ruling on Plaintiffs' third motion in limine is DEFERRED.

### 4.  Plaintiffs' Motion in Limine No. 4: GRANTED.

Plaintiffs' fourth motion in limine seeks to exclude expert testimony beyond the scope of that disclosed in the experts' reports.  Dkt. #75 at 17.  The Court has granted Defendant's identical request.  *See supra* Part B.4.  For the same reasons, Plaintiffs' fourth motion in limine is GRANTED.

ORDER – 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     **5.   Plaintiffs' Motion in Limine No. 5: DENIED.**

     Plaintiffs fifth motion in limine seeks to restrict Defendant from bringing "the entire motorcycle/sidecar to court as an exhibit." Dkt. #75 at 18.  Plaintiffs assert that Defendant voiced such an intention after Plaintiffs indicated their own intent to "bring certain small parts of the accident motorcycle to court to show the damage to the front suspension caused by DMC modifications."  *Id.* at 17–18.  Defendant now responds, however, that absent unforeseen testimony or evidence during trial, it has no plans to seek a viewing of the entire motorcycle and sidecar.  Accordingly, Plaintiffs' fifth motion in limine is DENIED at this time.

     **6.   Plaintiffs' Motion in Limine No. 6: DEFERRED.**

     Plaintiffs' sixth motion in limine seeks an order from the Court "that any party may call any witness at trial to attend by Zoom" due to the continued risks of COVID-19 and its variants.[5] Dkt. #75 at 19–20.  Defendant responds that the Court should address requests on an individual basis so that it may consider whether testimony by Zoom is appropriate for the anticipated testimony and the personal circumstances of the witness.  Dkt. #77 at 10.  The Court holds a strong preference for in-person testimony, especially where the parties have requested a jury trial.  A blanket order provides too great an opportunity for witnesses to choose convenience under the guise of legitimate risk or concern.   Accordingly, Plaintiffs' sixth motion in limine is DEFERRED.  The Court will consider such requests on an individual basis.

//

//

//

---

[5] The Court notes that several months have passed since the parties filed their motions in limine and the circumstances now are not the same as those that existed at the time of filing.  The fluid nature of the pandemic, however, cuts against issuing a blanket order.

ORDER – 10

**D.  Conclusion**

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above motions in limine (Dkts. #72 and #75) are GRANTED, DEFERRED, and DENIED as stated above.

DATED this 18th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE